**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4293**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID EARL PAGE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:21-cr-00087-BO-1)

Submitted:  April 30, 2024                        Decided:  May 23, 2024

Before WILKINSON and AGEE, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Derek J. Enderlin, ROSS & ENDERLIN, P.A., Greenville, South Carolina, for Appellant.  David A. Bragdon, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Earl Page appeals his 293-month sentence imposed following his guilty plea to carjacking resulting in serious bodily injury, in violation of 18 U.S.C. § 2119(2). On appeal, Page asserts that his plea was not knowing and voluntary because the district court plainly erred in failing to substantially comply with Fed. R. Crim. P. 11 in accepting his plea. Page also contends that his sentence is procedurally unreasonable because the district court failed to adequately explain its rationale for imposing firearm enhancements. The Government moves to dismiss the appeal pursuant to the appellate waiver in Page's plea agreement. We affirm in part and dismiss in part.

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and any mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court must also ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that a factual basis supports the plea, Fed. R. Crim. P. 11(b)(3).

Because Page did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks

2

omitted).  In the Rule 11 context, this means Page "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Davila*, 569 U.S. 597, 608 (2013) (internal quotation marks omitted).  "Although the reasonable probability standard is a demanding one, a defendant need not prove by a preponderance of the evidence that but for error things would have been different." *United States v. Lockhart*, 947 F.3d 187, 192 (4th Cir. 2020) (en banc) (internal quotation marks omitted).  Rather, "a defendant must satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *Id.* at 192-93 (internal quotation marks omitted).

Although the district court did not address all of Rule 11's requirements during the plea colloquy, we conclude that Page has not established that he would not have pled guilty but for the court's omissions.  Much of the omitted information was contained in the plea agreement, and a Rule 11 error is generally not considered prejudicial when the neglected information is included in the defendant's plea agreement.  *See United States v. General*, 278 F.3d 389, 394-95 (4th Cir. 2002).  We therefore conclude that Page's guilty plea is valid.

Page also argues that his sentence is procedurally unreasonable because the district court failed to adequately explain its rationale for imposing firearm enhancements.  The Government contends that his argument is barred by the waiver of appellate rights in Page's plea agreement.  Page asserts that the Rule 11 colloquy was inadequate in ensuring that Page understood he was waiving his right to appeal his sentence, and that Page's education and background further undermine the conclusion that his appellate waiver was knowing

3

and intelligent.   Where the Government seeks to enforce an appellate waiver, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021).   Our review of the record reveals that the appellate waiver contained in Page's plea agreement is valid and enforceable, as Page entered it knowingly and voluntarily.   *See id.*   We are also satisfied that Page's challenge to his sentence falls squarely within the scope of his waiver of appellate rights.

We therefore affirm Page's conviction, and we grant the Government's motion to dismiss, as to the sentencing issue within the scope of Page's valid appellate waiver.  We deny counsel's motion to file a supplemental opening brief as to the sentencing issues because we conclude they are encompassed by the waiver.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*